IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0015-CVE |
| ) | (13-CV-0592-CVE-TLW) |
| SHANNON LASHEA PORTER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes on for consideration of defendant's Motion to Set Aside Judgment Pursuant to Rule 59(e) (Dkt. # 52). Defendant asks the Court reconsider the opinion and order (Dkt. # 48) and judgment (Dkt. # 49) dismissing her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, because she mailed a timely response (Dkt. # 51) to the government's motion to dismiss but the response was filed by the Court Clerk three days after the Court dismissed her § 2255 motion. Dkt. # 52 at 1. She also raises substantive arguments challenging the calculation of her advisory guideline range and her attorney's alleged ineffective assistance of counsel. Dkt. # 52, at 2.

On May 30, 2012, defendant pled guilty to one count of submitting a false claim for tax refund to the Internal Revenue Service, and the guilty plea was made pursuant to a plea agreement. In the plea agreement, the government agreed to dismiss 38 other criminal charges that were alleged in the amended information (Dkt. # 14), and the defendant agreed, <u>inter alia</u>, to waive certain appellate and post-conviction rights. Each provision of the appellate and post-conviction waiver was read to defendant at her change of plea hearing, and she acknowledged that she understood what rights she would be giving up under the plea agreement. Dkt. # 29, at 23-24. Judgment and

commitment was entered on September 18, 2012, and defendant was sentenced to 48 months imprisonment. Defendant did not appeal her conviction, but defendant did file a timely motion under § 2255. The government filed a motion to dismiss (Dkt. # 46) the § 2255 motion under the waiver of post-conviction rights contained in the plea agreement, and the Court granted the motion. Dkt. ## 48, 49. After the government's motion had already been granted, the Court received a supplemental pleading from defendant concerning the merits of the arguments raised in her § 2255, but defendant did not make any argument concerning the enforceability of the post-conviction waiver. Dkt. # 51.

Defendant asks the Court to reconsider its decision to grant the government's motion to dismiss. She claims that she filed a timely response (Dkt. # 51) to the government's motion, but the Court entered its decision before the response was filed. Dkt. # 52, at 1. She also argues that juvenile offenses were improperly considered as part of her criminal history and that her attorney failed to seek a variance due to defendant's low IQ. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e)

motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant argues that the Court failed to consider her supplemental pleading (Dkt. # 51) before ruling on the government's motion to dismiss, and this is a procedural challenge to the denial of her § 2255 motion that may be treated as a "true" motion to alter or amend judgment. However, the Court has reviewed the supplemental pleading and it cannot be treated as a response to the government's motion. The pleading does mention the government's motion to dismiss and defendant makes no argument concerning the enforceability of her waiver of post-conviction rights. Even if the Court had received this pleading before issuing a decision on defendant's § 2255 motion, the Court's ruling would not have been influenced because the supplemental pleading contains no argument as to the enforceability of the post-conviction waiver in her plea agreement. To the extent that defendant continues to challenge the length of her sentence, the Court lacks jurisdiction to consider these arguments. The Court has dismissed defendant's § 2255 motion and defendant's renewed arguments must be treated as a second or successive § 2255 motion, and this Court lacks jurisdiction to consider such motions under § 2255(h).

**IT IS THEREFORE ORDERED** that defendant's Motion to Set Aside Judgment Pursuant to Rule 59(e) (Dkt. # 52) is **denied in part** and **dismissed in part**: it is denied as to defendant's procedural argument concerning the filing of her response and it is dismissed as to any substantive arguments raised in defendant's motion to reconsider. A separate judgment is entered herewith.

**DATED** this 14th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE